**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10156 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00326-MCE-1 |
| v. | |
| JOHN WINTON HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted June 14, 2018
San Francisco, California

Before: SCHROEDER and GOULD, Circuit Judges, and DU,[**] District Judge.

Defendant-Appellant John Harris appeals the denial of his renewed motion to

suppress evidence discovered during a search of an apartment. Because the parties

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Miranda M. Du, District Judge for the U.S. District Court
for the District of Nevada, sitting by designation.

are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This action is before the Court for a second time. *See United States v. Harris*, 642 F. App'x 713 (9th Cir. 2016). On remand from this Court's prior decision, the district court found during a supplemental evidentiary hearing that the inevitable discovery exception made evidence illegally obtained during a search of an apartment otherwise admissible. This Court reviews the district court's application of the inevitable discovery doctrine for clear error because, although it is a mixed question of law and fact, it is essentially a factual inquiry. *United States v. Lang*, 149 F.3d 1044, 1047 (9th Cir. 1998), *as amended*, 157 F.3d 1161 (9th Cir. 1998). "The inevitable discovery doctrine acts as an exception to the exclusionary rule . . . and permits the admission of otherwise excluded evidence 'if the government can prove that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police.'" *United States v. Reilly*, 224 F.3d 986, 994 (9th Cir. 2000) (quoting *Nix v. Williams*, 467 U.S. 431, 447 (1984)). To determine whether evidence acquired through an illegal search may be admitted at trial, the court asks whether "by following routine procedures, the police would inevitably have uncovered the evidence" through lawful means. *United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1396, 1399 (9th Cir. 1989).

At the supplemental hearing, the district court made three findings in determining that the inevitable discovery doctrine applied, none of which we find to be clearly erroneous. First, the two officers responding to the reported domestic violence incident would have discovered Harris's parole and searchable probation status by following routine police procedures applicable to such a situation. Second, the officers would then have inevitably developed probable cause that Harris resided at the apartment. Third, the officers would have inevitably searched the apartment after making the two previous determinations.

Harris argues that the district court ignored pertinent factual considerations when applying the inevitable discovery doctrine. However, we have held that as long as reasonable minds can reach differing conclusions after interpretation of the facts before the district court, the district court's findings should remain undisturbed. *See United States v. Patayan Soriano*, 361 F.3d 494, 503 (9th Cir. 2004). The district court's three findings are reasonably supported by the record. The two officers testified at the supplemental hearing that given the circumstances surrounding the incident—the content of the 911 domestic violence call, Harris's behavior both before and after the officers entered the apartment, the change in his wife's demeanor after the two were separated from one another, and Harris's clothing on the living room sofa—their use of routine police procedures would have led them to the same

3

result. We therefore find that the district court did not err in denying Harris's renewed motion to suppress.

**AFFIRMED.**